JUDGMENT

PER CURIAM.
This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed and the case remanded.
Appellant Jack Davis appeals from the district court’s denial of his motion for a new trial based upon “newly discovered evidence,” Fed.R.Crim.P. 33, following his conviction for narcotics violations. Find *20 ing no merit in appellant’s contentions, we affirm the district court’s denial of his new trial motion. Neither appellant’s assertions regarding the traffic stop leading to his arrest nor his allegations relating to juror confusion satisfies the standard for “newly discovered evidence” warranting a new trial, see United States v. Johnson, 519 F.3d 478, 487 (D.C.Cir.2008), or an evidentiary hearing, see Fed.R.Evid. 606(b); Tanner v. United States, 483 U.S. 107, 127, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987); United States v. Stover, 329 F.3d 859, 865 (D.C.Cir.2003) (holding that Federal Rule of Evidence 606(b) “precludes taking testimony from the jurors ... regarding their belated misgivings”).
Davis also alleges that the district court erred in failing to consider his eligibility for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on a Sentencing Guidelines amendment that lowered the base offense levels applicable to crack cocaine offenses, U.S.S.G. app. C, amend. 706 (Nov. 1, 2007). Appellant’s district court filings discussed the issue but did not clearly request resentencing. Rather, they stated that Davis sought to “preserve” his right to file for resentencing once the amendment became retroactive, which it did on March 3, 2008, U.S.S.G. app. C, amend. 713 (Mar. 3, 2008). Pursuant to our established procedure, we remand to permit appellant to submit a motion for a reduced sentence based on the Guidelines amendment. See United States v. Jones, 567 F.3d 712, 719 (D.C.Cir.2009).
The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.